IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TRI LE, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| V. | § | No. 3:14-mc-39-K-BN |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| ET AL., | § | |
| | § | |
| Respondents. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>**

Petitioner Tri Le has filed a Petition to Quash 3rd Party Summons issued to J.P. Morgan Chase Bank, N.A. by Revenue Agent Phil T. Williams. *See* Dkt. No. 1. District Judge Ed Kinkeade has referred this matter to the undersigned magistrate judge under 28 U.S.C. § 636(b).

Respondents United States of America and Phil T. Williams, Internal Revenue Agent, have filed a Motion to Dismiss Petition to Quash Third Party Summons. *See* Dkt. No. 7. Petitioner Tri Le filed a response, *see* Dkt. No. 9, and Respondents filed a reply, *see* Dkt. No. 10.

Respondents' Motion to Dismiss Petition to Quash Third Party Summons [Dkt. No. 7] should be granted.

**Background**

The Internal Revenue Service is presently conducting an investigation of the potential federal income tax liability of Petitioner Tri Le for the year 2011. *See* Dkt. No.

-1-

7 at 1. In an effort to obtain information relevant to the determination of Petitioner's income tax liabilities, Revenue Agent Phil Williams issued a summons on February 24, 2014 to J.P. Morgan Chase Bank, N.A. (Attn: Court Orders and Levy Dept), located at P.O. Box 183164, Columbus, OH 43218-3164. *See id.* at 1-2.

On February 24, 2014, Revenue Agent Williams issued, served, and gave Mr. Le notice of, by certified mail, the summons. *See id.* at 2; Dkt. No. 7-1. Petitioner then filed his Petition to Quash 3rd Party Summons in this Court. *See* Dkt. No. 1.

## Legal Standards and Analysis

Respondents assert that this Court lacks subject matter jurisdiction to quash the summons because the summons was issued to J.P. Morgan Chase Bank, N.A., located in Columbus, Ohio. According to Respondents, because the summoned party resides or is found outside the Northern District of Texas, the petition to quash the summons filed in this Court must be dismissed.

The undersigned agrees. Under 26 U.S.C. § 7609(b)(2)(A), "any person who is entitled to notice of a summons under [26 U.S.C. § 7609(a)] shall have the right to begin a proceeding to quash such summons not later than the 20th day after the day such notice is given in the manner provided in [26 U.S.C. § 7609(a)(2)]." 26 U.S.C. § 7609(h)(1) states: "(h) Jurisdiction of district court; etc. – (1) Jurisdiction. – The United States district court for the district within which the person to be summoned resides or is found shall have jurisdiction to hear and determine any proceeding brought under subsection (b)(2), (f), or (g)."

The United States Court of Appeals for the Fifth Circuit has held that Section 7609(h)(1)'s requirements is jurisdictional and that "jurisdiction is exclusively in the district where the third-party record keepers reside." *Deal v. United States*, 759 F.2d 442, 444 (5th Cir. 1985); *accord Williams v. United States*, 453 F. App'x 532, 533 (5th Cir. 2011). That means – even in the case of a national entity, such as Wells Fargo, that may have branch locations in many states – the district in which the summons were sent to the third party. *See Williams*, 453 F. App'x at 533.

Here, the summoned third party neither resides in nor is found in the Northern District of Texas. Rather, the challenged summons is directed to J.P. Morgan Chase Bank, N.A. in Columbus, Ohio. *See* Dkt. No. 1; Dkt. No. 7-1.

Petitioner protests that J.P. Morgan Chase Bank has offices in Texas, including in Garland, Texas, where Petitioner resides. But what matters is where the person to be summoned resides or is found – based on the summons. *See Williams*, 453 F. App'x at 533. Here, that is Columbus, Ohio. And so the court with exclusive jurisdiction over a petition to quash the summons is the United States District Court for the Southern District of Ohio, and this Court has no jurisdiction over the petition to quash. *See* 26 U.S.C. § 7609(h)(1); *Deal*, 759 F.2d at 444.

**Recommendation**

Respondents' Motion to Dismiss Petition to Quash Third Party Summons [Dkt. No. 7] should be granted, and Petitioner's Petition to Quash 3rd Party Summons [Dkt. No. 1] should be dismissed for lack of subject matter jurisdiction.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: June 12, 2014

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE